Catron, Cb. J.
delivered the opinion of the court.
The only question in this cause is, whether a contract to sell a horse, made between Benjamin Thomas and Wm. A. Maxwell^ Thomas being the obligor, could be given in evidence to show Thomas’ title to the horse, in a suit against the sheriff who seized him as the property of Maxwell, without the contract having been first registered according to the act of 1831, ch. 40. That the contract.was competent evidence; is free from all doubt; the only difficulty that can arise in any case, will be the effect of a want of registration. The first section of- the statute does say, all bonds and agreements in writing for the conveyance of real or personal property, shall be re-gisteredon a probate of two witnesses; but it does not declare the instrument invalid between the parties if not registered. The twelfth section declares the intention of the legislature, that all instruments mentioned in the first section, not proved and registered, shall be null and void, as to existing or subsequent creditors, or bona fide purchasers without notice; and that in case of marriage contracts, they shall be void as to existing or subsequent creditors of the husband, or purchasers, without notice from him.
Where the statute declares the contract void as to creditors and purchasers, it means creditors of the grant- or, or purchasers from the grantor, without notice of the contract to sell. The contract being void as to the creditor, of course the title to the property does not pass by it, and remains where it was before. So it was holden in Pierce vs. Turner, 5 Cranch: in Laud vs. Jeffries, 5 Randolph: in Morgan vs. Elam, 4 Yerger, 449: and in Hamilton vs. Bishop and Fly, at this term of the court. The statute alters the rule laid down in Morgan vs. Elam, and in the cases in Cranch and Randolph’s reports, that the creditors of the husband in cases of marriage contracts can take no advantage of. the want of registra *500 tion, by declaring that ohis creditors before and after the marriage should be permitted to take advantage of, and treat as void the contract, if not registered in time. The case of Morgan vs. Elam, no doubt produced this distinct provision, which plainly shows that in other cases provided for in the act, the former rule of construction was intended to stand.
The contract then given in evidence by Thomas, was equally good without registration as with it, to establish his continuing right and title to the horse as against the creditors of Maxwell, who had made a conditional purchase, resting in contract and to be completed on his payment of the purchase money, four hundred dollars, but not before the purchase money was paid; until then, the title to the horse, in law and equity, was in Thomas; a fact we think clearly proved, and we therefore order the judgdment to be affirmed.
Judgment affirmed.